**McCLENDON v. JOHNSON et al.** (No. 2690.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 25, 1923.)

Appeal and error ⬅877(4)—Insurance ⬅770
Appellant not entitled to benefit as last caretaker; appellant without legal right cannot complain that appellee had no greater rights.

In controversy between two claimants of benefit fund under insurance certificate, where each claimed as last caretaker of deceased, the insurance association having adopted a new constitution after the death of deceased in which it permitted a benefit fund to be paid to the last caretaker, *held*, in view of Rev. St. art. 4832, which provides who may be made beneficiaries but does not mention caretakers, that, while appellee to whom the fund was awarded may have had no greater right than

appellant, yet the fact that appellant had no right at all was sufficient to defeat his claim.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Suit between Thad McClendon and Ray Johnson and others. From a judgment for the latter, the former appeals. Affirmed.

W. H. Hanson, of Tyler, for appellant.

Brooks & Johnson, of Tyler, for appellees.

HODGES, J. This suit is a controversy between two claimants of a benefit fund based upon an insurance certificate issued to Hannah Williams. The amount involved is $158. Each party claims it as the last caretaker of the deceased, she having died without leaving any heirs so far as known. The insurance association, known as the Grand Court Heroines of Jericho, was made a party to the suit. It admitted liability, paid the money into court, and asked that it be awarded to the party entitled to receive it.

According to the findings of the court, the insurance association adopted a new constitution after the death of Hannah Williams, in which it permitted a benefit fund to be paid to the last caretaker. Article 4832 of the Revised Civil Statutes provides who may be made beneficiaries in insurance policies, and caretakers are not mentioned among them. It may be true that Ray Johnson, the appellee, had no greater right than did the appellant. It is sufficient, however, to defeat the claim of the appellant, that he had no legal right at all.

The judgment is affirmed.